1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A PROFESSIONAL LAW CORPORATION*
   1832-A Capitol Street
3  Vallejo, CA 94590
   Telephone:     (415) 444-5800
4  Facsimile:     (415) 674-9900
   Email:         tfrankovich@disabilitieslaw.com
5
   Attorney for Plaintiff
6  BYRON CHAPMAN,

7

8                  **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  BYRON CHAPMAN,                    )   **CASE NO.**
                                      )   **Civil Rights**
12        Plaintiff,                  )
                                      )   **COMPLAINT FOR INJUNCTIVE RELIEF**
13  v.                                )   **AND DAMAGES:**
                                      )
14  HARJOT MARKETS, Inc. A California  )   **1st CAUSE OF ACTION:** For Denial of
    Corporation dba QUICK N EASY       )   Access by a Public Accommodation in
15  MARKET; MICHAEL BERTOLONE and      )   Violation of the Americans with Disabilities Act
    MARIA CAMELIA BERTOLONE,          )   of 1990 (42 U.S.C. §12101, *et seq.*)
16  Trustees of That Certain Revocable Trust  )
    created by Declaration of Trust dated March )   **2nd CAUSE OF ACTION:** For Denial of Full
17  27, 2002;                         )   and Equal Access in Violation of California
                                      )   Civil Code §§54, 54.1 and 54.3
18        Defendants.                 )
    _____    )   **3rd CAUSE OF ACTION:** For Denial of
19                                        Access to Full and Equal Accommodations,
                                          Advantages, Facilities, Privileges and/or
20                                        Services in Violation of California Civil Code
                                          §51, *et seq.* (The Unruh Civil Rights Act)
21

22

23                                        **DEMAND FOR JURY**

24

25

26

27

28

1       Plaintiff  BYRON CHAPMAN, complains of defendants MICHAEL BERTOLONE and

2   MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by

3   Declaration of Trust dated March 27, 2002; and defendant HARJOT MARKETS Inc., a

4   California Corporation dba QUICK N EASY MARKET and alleges as follows:

5   **INTRODUCTION:**

6       1.    This is a civil rights action for discrimination against persons with physical

7   disabilities, of which class plaintiff  BYRON CHAPMAN and the disability community are

8   members, for failure to remove architectural barriers structural in nature at defendants' QUICK

9   N EASY MARKET, a place of public accommodation, thereby discriminatorily denying plaintiff

10  and the class of other similarly situated persons with physical disabilities access to, the full and

11  equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

12  and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

13  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

14  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15      2.    Plaintiff  brings this action acting as a "private attorney general" privatizing

16  enforcement of the American with Disabilities Act of 1990 ("ADA") without the American tax

17  payer(s) bearing the financial tax burden for such action.

18      3.    Plaintiff  BYRON CHAPMAN  is a person with physical disabilities who, on or

19  about May 9, 2015 and August 17, 2015 **(and deterred thereafter)**, was an invitee, guest,

20  patron, customer at defendants' QUICK N EASY MARKET, in the City of  Gilroy, California.

21  At said times and place, defendants failed to provide proper legal access to the market, which is

22  a "public accommodation" and/or a "public facility" including, but not limited to parking

23  signage and van accessible parking.  The denial of access was in violation of  both federal and

24  California legal requirements, and plaintiff  BYRON CHAPMAN suffered violation of  his civil

25  rights to full and equal access, and was embarrassed and humiliated.

26  ///

27  ///

28  ///

**JURISDICTION AND VENUE:**

4.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

5.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 8429 Murray, in the City of Gilroy, County of Santa Clara, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

6.    Plaintiff BYRON CHAPMAN a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff BYRON CHAPMAN is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff BYRON CHAPMAN has a spinal cord injury which affects both lower extremities (i.e., right leg has no motor skills but heightened sensitivity and left leg has approximately 15% to 20% motor skills and no sensitivity). Plaintiff BYRON CHAPMAN relies on a wheelchair to travel about in public.

///

///

///

Consequently, plaintiff  BYRON CHAPMAN is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

      7.    **DEFINITIONS:**

        a.    **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and 2010 ADA Standards;

        b.    **2010 ADA STANDARDS** - The revised regulations for Title II and III of the Americans with Disabilities Act of 1990 in the Federal Register as of September 15, 2010;

        c.    **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table.

Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm.

(The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

///

d.    **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

e.    **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example: such as a parking lot, entrance, restroom, lobby, guest room, dining area.

f.    **PHYSICAL FEATURES** - Are synonymous with "Elements."

g.    **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

h.    **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

i.    **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

j.    **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

k.     **PATH OF TRAVEL -** A continuous path connecting all elements and spaces of a building or facility.

l.     **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of 28 CFR §36.304.

**PRELIMINARY FACTUAL ALLEGATIONS:**

8.     The Quick N Easy Market, is a grocery store, located at/near 8429 Murray Ave., Gilroy, California.  The Quick N Easy Market, its parking signage and van accessible parking**,** and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the Quick N Easy Market and each of its facilities, its parking signage and van accessible parking to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

9.     Defendants MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002 are the owners of the real property(land and building) located at or near 8429 Murray Gilroy, California.

10.     Defendants HARJOT MARKETS, Inc. A California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002(hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as Quick N Easy Market, located at/near 8429 Murray Gilroy, CA 95020, or of the building and/or buildings which constitute said public accommodation.

///

///

///

///

11.     At all times relevant to this complaint, defendants HARJOT MARKETS, Inc., a California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, own and operate in joint venture the subject QUICK N EASY MARKET as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

12.     On or about September 24, 2013, defendants' and each of them purchased and/or took possessory control of the premises now known as Quick N Easy Market.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that the market was not accessible to the disabled. Nevertheless, defendants' and each of them, operated the market as though it was accessible.

13.     At all times relevant to this complaint, defendants HARJOT MARKETS, Inc., a California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002 are jointly and severally responsible to identify and remove architectural barriers at the subject Quick N Easy Market pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201     General**
>
> (b)   *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
> 28 CFR §36.201(b)

///

14.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

15.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the Quick N Easy Market as being handicapped accessible and handicapped usable.

16.     At some of the times stated herein, plaintiff BYRON CHAPMAN was in the Gilroy area for the purposes of: purchasing food, beverage and fuel for his many trips to an from Monterey to Los Angeles, California.

17.     On or about May 9, 2015 and August 17, 2015, plaintiff BYRON CHAPMAN was an invitee and guest at the subject Quick N Easy Market, with his wife and/or daughter, for purposes of purchasing food and beverage.

.     18.     After sending notice letters on May 30, 2015, to the landlord and/or tenant about access problems, plaintiff returned to the subject Quick N Easy Market, for the purposes of participating in the goods and services provided and to see whether this public - accommodation had been made more accessible.  A quarter of a century has now passed since the Americans with Disabilities Act of 1990 ("ADA") took effect.

19.     On or about May 9, 2015 and August 17, 2015, plaintiff BYRON CHAPMAN encountered the following architectural barriers in the parking lot of Quick N Easy Market and as a legal result had the following adverse experiences: There was no Tow-A-Way signage and no van accessible parking for the disabled.  The access aisle was designated on the left side of the parking stall, rendering the access aisle useless/resulting in plaintiff BYRON CHAPMAN taking up two spaces to have enough room to deploy his vehicle ramp.  Giving great concern/worry to plaintiff BYRON CHAPMAN that someone might vandalize his vehicle for taking up two parking spaces.

20.     On or about September 1, 2015, plaintiff BYRON CHAPMAN wrote two letters concerning the parking. One to the tenant, one to the owner of the building.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

He wrote:

> "Last month I was in Gilroy and stopped at your Quick N
> Easy Market.  I use a wheelchair and have a ramp equipped
> Van.  Your Van accessible parking does not work.  You have
> the access aisle on the left side.  It should be on the right side,
> all ramped vehicles have the ramp on the right side.  So, if you
> park in your space someone can park on your right and block
> you out.  You can't get back in!  This is very worry some and
> not good, this happened to me.
>
>> You need to know so you can flip flop the access aisle
> with the stall and get it right.
>
>> Contact the disability center in Oakland at 1-800-949-
> 4232.  They will send you the information; get some paint and
> do it yourself.  Write me when you get this letter and tell me
> you'll do it right away.
>
> Thanks."

Plaintiff  BYRON CHAPMAN never received a response and neither letter was returned to him
from the United States Postal Service.

21.     On or about the months of June through December, 2015, and thereafter, plaintiff
would have returned to QUICK N EASY MARKET but was deterred from returning for the fear
that once he returned, he would encounter all of the same architectural barriers as on the first visit
and that not even the easiest barrier(s) would have been removed such as the following: flip-
flopping the access aisle, to make it easier to enjoy the goods, services and opportunities afforded
by this public - accommodation.

22.     Therefore, at said times and place, plaintiff  BYRON CHAPMAN,  encountered
the following architectural barriers as stated herein or lack thereof and/or "elements" and
"facilities" which constituted architectural barriers and/or categorical architectural barriers and a
denial of the proper and legally required access to a public accommodation to persons with
physical disabilities including, but not limited to:

> a.     lack of disabled van accessible parking stall(s) due to placement of the
>        access aisle on the left side of the designated parking stall for the disabled;

      b.     lack of tow-a-way signage;

      c.     lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons;

      d.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated.

Therefore, as a legal result of encountering each of said elements, plaintiff experienced one, all, or a combination of the following difficulties: stress, strain, difficulty, and discomfort to his upper extremities in attempting to and/or using said elements also causing anxiety, disappointment, and embarrassment.

23.     At all times as stated herein, plaintiff BYRON CHAPMAN encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his disability.

24.     At all times stated herein, it was "readily achievable" for defendants to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.  In that regard, defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

25.     At all times and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff BYRON CHAPMAN from full and equal opportunities afforded to non disabled persons to the goods and services of QUICK N EASY MARKET.

26.     Plaintiff BYRON CHAPMAN was and is deterred from returning to QUICK N EASY MARKET so long as architectural barriers complained of that he encountered, as stated herein are not ADAAG compliant.

27.     At said times and place, when plaintiff BYRON CHAPMAN encountered the architectural barriers as stated herein, plaintiff BYRON CHAPMAN in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment. This arose from plaintiff's physical inability to effectively use his/her upper extremities to easily overcome the architectural barriers as stated herein. This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

28.     Said architectural barrier(s) as stated herein deprived and deterred plaintiff BYRON CHAPMAN the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject QUICK N EASY MARKET.

29.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

30.     On or about May 30, 2015, defendants were sent two letters by or on behalf of plaintiff BYRON CHAPMAN advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his letter, promising to immediately remove the barriers and providing a date when that would be accomplished. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

///

///

///

///

///

31.     As a legal result of defendants HARJOT MARKETS, Inc. A California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

32.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And, plaintiff BYRON CHAPMAN suffered bodily injury at times stated herein including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.

33.     Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

///
///
///
///

34.    Defendants', and each of their, failure to remove the architectural barriers complained of herein, created at the time of plaintiff BYRON CHAPMAN's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff BYRON CHAPMAN harm as stated herein.

35.    Plaintiff BYRON CHAPMAN was denied his rights to equal access to a public facility by defendants HARJOT MARKETS, Inc. A California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, because defendants HARJOT MARKETS, Inc., a California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, maintained a market without access for persons with physical disabilities to its facilities, including but not limited to the parking signage, van accessible parking, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

36.    Construction alterations, if any, carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

37.    Defendants may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

38.    Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

39.     Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq*. and other accessibility law as pled herein.  Plaintiff seeks an order from this court compelling defendants to make the QUICK N EASY MARKET accessible to persons with disabilities.

40.     Plaintiff, as described herein below, seeks injunctive relief to require the QUICK N EASY MARKET to be made accessible to meet the requirements of  both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the QUICK N EASY MARKET as a public facility.

41.     Plaintiff believes that even with service of the summons and complaint on defendants and each of them, that defendants will not , under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

42.     Plaintiff seeks damages for violation of his civil rights on May 9, 2015 and August 17, 2015 and **deterrence occasion(s)** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff  BYRON CHAPMAN from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

///
///
///
///

The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other markets, grocery stores, fast food marts and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

43.     At all times stated herein and for post complaint occasions, plaintiff  has an absolute unfettered civil right to return to the public accommodation complained of within thirty (30) day intervals until defendants remove all architectural barriers under their continuing obligation to identify and remove architectural barriers.

44.     Plaintiff is informed and believes and therefore alleges that defendants HARJOT MARKETS, Inc. A California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, and each of them, caused the subject building(s) which constitute the QUICK N EASY MARKET to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the QUICK N EASY MARKET and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said QUICK N EASY MARKET and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of QUICK N EASY MARKET and/or its building is in violation of the civil rights of persons with physical disabilities, such as plaintiff BYRON CHAPMAN, and other members of the disability community.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

1    ///

2         45.    Defendants' actual and constructive notice that the physical configuration of the

3    facilities including, but not limited to, architectural barriers constituting the QUICK N EASY

4    MARKET and/or building(s) was in violation of the civil rights of persons with physical

5    disabilities, such as plaintiff, includes, but is not limited to, coming into contact with public

6    accommodations with accessible elements and facilities since January 26, 1991, communications

7    with invitees and guests, Plaintiff  BYRON CHAPMAN himself, possibly sponsors of

8    conferences  owners of other strip malls, restaurants and businesses, notices they obtained from

9    governmental agencies upon modification, improvement, or substantial repair of the subject

10   premises and other properties owned by these defendants, newspaper articles and trade

11   publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

12   service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and

13   other similar information.  Defendants' failure, under state and federal law, to make the QUICK

14   N EASY MARKET accessible is further evidence of defendants' conscious disregard for the

15   rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of

16   such effect on plaintiff and other persons with physical disabilities due to the lack of accessible

17   facilities, defendants, and each of them, knowingly and willfully refused to take any steps to

18   rectify the situation and to provide full and equal access for plaintiff and other persons with

19   physical disabilities to the QUICK N EASY MARKET.  Said defendants, and each of them, have

20   continued such practices, in conscious disregard for the rights of plaintiff and other persons with

21   physical disabilities, up to the date of filing of this complaint, and continuing thereon.

22   Defendants had further actual knowledge of the architectural barriers referred to herein by virtue

23   of the demand letter addressed to the defendants and served concurrently with the summons and

24   complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other

25   persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

26   rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of

27   treble damages per Civil Code §§52 and 54.3.

28   ///

1  ///

2       46.    Plaintiff  BYRON CHAPMAN and the disability community, consisting of

3  persons with disabilities, would, could and will return to the subject public accommodation when

4  it is made accessible to persons with disabilities.

5  **I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
        **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
6       **DISABILITIES ACT OF 1990 (42 U.S.C. §12101,** *et seq.***)**
        (On behalf of  Plaintiff  BYRON CHAPMAN, and Against Defendants HARJOT
7       MARKETS, Inc., a California Corporation dba QUICK N EASY MARKET; MICHAEL
        BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain
8       Revocable Trust created by Declaration of  Trust dated March 27, 2002, inclusive)
        (42 U.S.C. §12101, *et seq.*)
9
10      47.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

11  the allegations contained in paragraphs 1 through 46 of this complaint.

12      48.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

13  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

14  protect:

15              some 43 million Americans with one or more physical or mental
                disabilities; [that] historically society has tended to isolate and
16              segregate individuals with disabilities; [that] such forms of
                discrimination against individuals with disabilities continue to be a
17              serious and pervasive social problem; [that] the nation's proper
                goals regarding individuals with disabilities are to assure equality of
18              opportunity, full participation, independent living and economic
                self-sufficiency for such individuals; [and that] the continuing
19              existence of unfair and unnecessary discrimination and prejudice
                denies people with disabilities the opportunity to compete on an
20              equal basis and to pursue those opportunities for which our free
                society is justifiably famous.

21      49.    Congress stated as its purpose in passing the Americans with Disabilities Act of

22  1990 (42 U.S.C. §12102):

23              It is the purpose of this act (1) to provide a clear and comprehensive
                national mandate for the elimination of discrimination against
24              individuals with disabilities; (2) to provide clear, strong, consistent,
                enforceable standards addressing discrimination against individuals
25              with disabilities; (3) to ensure that the Federal government plays a
                central role in enforcing the standards established in this act on
26              behalf of individuals with disabilities; and (4) to invoke the sweep
                of Congressional authority, including the power to enforce the 14th
27              Amendment and to regulate commerce, in order to address the
                major areas of discrimination faced day to day by people with
28              disabilities.

///

50.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce - Check appropriate description:

> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

> 42 U.S.C. §12181(7)(E)

51.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

52.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility,

privilege, advantage, or accommodation being offered or would
result in an undue burden;

///

       (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

       (v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

      53.    The removal of the barriers complained of by plaintiff as herein above alleged were at all times after January 26, 1992 "readily achievable" as to the subject building of QUICK N EASY MARKET pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

      54.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

///

1   ///

2   ///

3       55.    On information and belief, construction work on, and modifications of, the subject

4   building(s) of QUICK N EASY MARKET occurred after the compliance date for the Americans

5   with Disabilities Act, January 26, 1992, independently triggering access requirements under Title

6   III of the ADA.

7       56.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

8   *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

9   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

10  of disability in violation of this title or have reasonable grounds for believing that plaintiff is

11  about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to

12  or making use of the public facilities complained of herein so long as the premises and

13  defendants' policies bar full and equal use by persons with physical disabilities.

14      57.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

15  disability to engage in a futile gesture if such person has actual notice that a person or

16  organization covered by this title does not intend to comply with its provisions."  Pursuant to this

17  section, plaintiff  BYRON CHAPMAN has not returned to defendants' premises since on or about

18  August 17, 2015, but on information and belief, alleges that defendants have continued to violate

19  the law and deny the rights of plaintiff and of other persons with physical disabilities to access

20  this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

21  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

22  facilities readily accessible to and usable by individuals with disabilities to the extent required by

23  this title."

24      58.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

25  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

26  the Americans with Disabilities Act of 1990, including but not limited to an order granting

27  injunctive relief and attorneys' fees.  Plaintiff  will seek attorneys' fees conditioned upon being

28  deemed to be the prevailing party.

## II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.

(On Behalf of  Plaintiff  BYRON CHAPMAN, and Against Defendants HARJOT MARKETS, Inc., a California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.*)

59.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 58 of this complaint.

60.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

61.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

62.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

///

63.     Plaintiff BYRON CHAPMAN is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continues to be denied full and equal access to defendants' QUICK N EASY MARKET. As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the QUICK N EASY MARKET because of his knowledge and belief that the QUICK N EASY MARKET is inaccessible to persons with disabilities.

California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

64.     On or about May 9, 2015 and August 17, 2015, and **deterrence occasion(s)** plaintiff BYRON CHAPMAN suffered violations of Civil Code §§54 and 54.1 in that plaintiff BYRON CHAPMAN was denied access to the parking signage, van accessible parking and other public areas as stated herein at the QUICK N EASY MARKET and on the basis that plaintiff BYRON CHAPMAN was a person with physical disabilities.

65.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*
///

And, plaintiff BYRON CHAPMAN suffered bodily injury at times stated herein, including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.

66.   Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

67.   Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about May 9, 2015 and August 17, 2015 and **deterrence occasions**, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

68.   As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of

1   the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

2   party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

3   **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL**
       **ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR**
4      **SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE**
       **UNRUH CIVIL RIGHTS ACT)**
5      (On Behalf of Plaintiff BYRON CHAPMAN Against Defendants HARJOT MARKETS,
       Inc., a California Corporation dba QUICK N EASY MARKET; MICHAEL
6      BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain
       Revocable Trust created by Declaration of Trust dated March 27, 2002, inclusive)
7      (Civil Code §51, 51.5)

8          69.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9   the allegations contained in paragraphs 1 through 68 of this complaint.

10         70.    Defendants' actions and omissions and failure to act as a reasonable and prudent

11  public accommodation in identifying, removing and/or creating architectural barriers, policies,

12  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

13  Unruh Act provides:

14                   This section shall be known, and may be cited, as the Unruh
                   Civil Rights Act.
15
                     All persons within the jurisdiction of this state are free and
16                 equal, and no matter what their sex, race, color, religion, ancestry,
                   national origin, or **disability** are entitled to the full and equal
17                 accommodations, advantages, facilities, privileges, or services in all
                   business establishments of every kind whatsoever.
18
                     This section shall not be construed to confer any right or
19                 privilege on a person that is conditioned or limited by law or that is
                   applicable alike to persons of every sex, color, race, religion,
20                 ancestry, national origin, or **disability.**

21                   Nothing in this section shall be construed to require any
                   construction, alteration, repair, structural or otherwise, or
22                 modification of any sort whatsoever, beyond that construction,
                   alteration, repair, or modification that is otherwise required by other
23                 provisions of law, to any new or existing establishment, facility,
                   building, improvement, or any other structure . . . nor shall anything
24                 in this section be construed to augment, restrict, or alter in any way
                   the authority of the State Architect to require construction,
25                 alteration, repair, or modifications that the State Architect otherwise
                   possesses pursuant to other . . . laws.
26  ///

27                   A violation of the right of any individual under the
                   Americans with Disabilities Act of 1990 (Public Law 101-336)
28                 shall also constitute a violation of this section.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

"intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

failing to act to identify and remove barriers can be construed as a "negligent per se" act of

defendants, and each of them.

71.    The acts and omissions of defendants stated herein are discriminatory in nature and

in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall
> discriminate against, boycott or blacklist, refuse to buy from, sell to,
> or trade with any person in this state because of the race, creed,
> religion, color, national origin, sex, or **disability** of the person or of
> the person's partners, members, stockholders, directors, officers,
> managers, superintendents, agents, employees, business associates,
> suppliers, or customers.

> As used in this section, "person" includes any person, firm
> association, organization, partnership, business trust, corporation,
> limited liability company, or company.

> Nothing in this section shall be construed to require any
> construction, alteration, repair, structural or otherwise, or
> modification of any sort whatsoever, beyond that construction,
> alteration, repair or modification that is otherwise required by other
> provisions of law, to any new or existing establishment, facility,
> building, improvement, or any other structure . . . nor shall anything
> in this section be construed to augment, restrict or alter in any way
> the authority of the State Architect to require construction,
> alteration, repair, or modifications that the State Architect otherwise
> possesses pursuant to other laws.

72.    Defendants' acts and omissions as specified have denied to the plaintiff full and equal

accommodations, advantages, facilities, privileges and services in a business establishment, on

the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights

Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of

the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-

336)

shall also constitute a violation of this section."

///

1  Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the

2  Americans with Disabilities Act at ¶47, *et seq*., as if repled herein.

3       73.    As a result of the denial of equal access to defendants' facilities due to the acts and

4  omissions of defendants, and each of them, in owning, operating and maintaining these subject

5  public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil rights,

6  including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And,

7  plaintiff BYRON CHAPMAN suffered bodily injury at time(s) stated herein, including, but not

8  limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain

9  and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and

10  through architectural barriers. Specifically, as a legal result of defendants negligence in the

11  design, construction and maintenance of the existing QUICK N EASY MARKET, plaintiff

12  suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to

13  overcome architectural barriers.

14       74.    Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental

15  distress, mental suffering, mental anguish, which includes, but is not limited to, shame,

16  humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and

17  naturally associated with a person with physical disabilities encountering architectural barriers as

18  stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount

19  within the jurisdiction of this court. No claim is being made for mental and emotional distress

20  over and above that is usually associated with the encountering of architectural barriers and

21  legally resulting in adverse experiences. No expert testimony regarding this usual mental and

22  emotional distress will be presented at trial in support of the claim for damages.

23       75.    Plaintiff BYRON CHAPMAN is entitled to the rights and remedies of

24  §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil

25  Code to mean "special and general damages"), as well as to reasonable attorneys' fees and

26  costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

27  ///

28  ///

1 | **PRAYER:**

2 |     Plaintiff prays that this court award damages and provide relief as follows:

3 | **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**

4 | (On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants HARJOT MARKETS, Inc., a California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, inclusive)

7 | (42 U.S.C. §12101, *et seq.*)

8 |     1.     For injunctive relief, compelling defendants HARJOT MARKETS, Inc. A California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, inclusive, to make the QUICK N EASY MARKET, located at 8429 Murray Avenue, Gilroy, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered;

16 |     2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

18 |     3.     For such other and further relief as the court may deem proper.

19 | **II.**     **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

21 | (On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendants HARJOT MARKETS, Inc., a California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, inclusive)

23 | (California Civil Code §§54, 54.1, 54.3, *et seq.*)

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

1.      For injunctive relief, compelling defendants HARJOT MARKETS, Inc., a California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, inclusive, to make the QUICK N EASY MARKET, located at 8429 Murray Avenue, Gilroy, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      General damages according to proof;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff  BYRON CHAPMAN, and Against Defendants HARJOT MARKETS, Inc., a California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      For injunctive relief, compelling defendants HARJOT MARKETS, Inc. A California Corporation dba QUICK N EASY MARKET; MICHAEL BERTOLONE and MARIA CAMELIA BERTOLONE, Trustees of That Certain Revocable Trust created by Declaration of Trust dated March 27, 2002, inclusive, to make the QUICK N EASY MARKET, located at 8429 Murray Avenue, Gilroy, California, readily accessible to and usable by individuals with disabilities, per state law;

1     2.      All statutory damages as afforded by Civil Code §52(a) for the date of incident

2 and for each occasion on which plaintiff was deterred from returning to the subject public

3 accommodation;

4     3.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the

5 prevailing party;

6     4.      General damages according to proof;

7     5.      Treble damages pursuant to Civil Code §52(a);

8     6.      For all costs of suit;

9     7.      Prejudgment interest pursuant to Civil Code §3291; and

10     8.      Such other and further relief as the court may deem just and proper.

11

12 Dated: November 17, 2015         THOMAS E. FRANKOVICH,
                            ***A PROFESSIONAL LAW CORPORATION***

13

14

                            By: /s/ Thomas E. Frankovich

15                             Thomas E. Frankovich
                            Attorney for Plaintiff BYRON CHAPMAN

16

17                         **DEMAND FOR JURY TRIAL**

18     Plaintiff hereby demands a jury for all claims for which a jury is permitted.

19

20

21 Dated: November 17, 2015         THOMAS E. FRANKOVICH,
                            ***A PROFESSIONAL LAW CORPORATION***

22

23                             By: /s/ Thomas E. Frankovich

24                             Thomas E. Frankovich
                            Attorney for Plaintiff  BYRON CHAPMAN

25

26

27

28