UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,<br><br>             Plaintiff,<br><br>     v.<br><br>HARJOT MARKETS, INC., et al.,<br><br>             Defendants. | Case No.  15-cv-05262-MEJ<br><br>**NOTICE RE: DEFAULT JUDGMENT PROCEDURE** |

    As the Clerk of Court has entered default against << name of party in default >> (*see* Dkt. No. << default docket number >>), the Court provides this notice to the parties regarding any default judgment motions filed pursuant to Federal Rule of Civil Procedure 55(b)(2).  All motions shall be filed in compliance with Civil Local Rule 7, be structured as outlined in Attachment A below, and include all relevant legal authority and analysis necessary to establish the case.  If no opposition is filed by the deadline under Rule 7, the moving party shall instead file proposed findings of fact and conclusions of law (as outlined in Attachment A) by the reply deadline under Rule 7.  The moving party shall also email the proposed findings in Microsoft Word format to mejpo@cand.uscourts.gov.  No chambers copies of the proposed findings need to be submitted.

**IT IS SO ORDERED.**

Dated: February 12, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

# ATTACHMENT A

* * *

## INTRODUCTION

*(Relief sought and disposition.)*

## BACKGROUND

*(The pertinent factual and procedural background, including citations to the Complaint and record. Plaintiff(s) should be mindful that only facts in the Complaint are taken as true for purposes of default judgment, except for damages; therefore, Plaintiff(s) should cite to the Complaint whenever possible.)*

## DISCUSSION

**A.   Jurisdiction and Service of Process**

*(Include the following standard)*

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

   1.   Subject Matter Jurisdiction

*(Establish the basis for the Court's subject matter jurisdiction, including citations to relevant case law and United States Code provisions.)*

   2.   Personal Jurisdiction

*(Establish the basis for the Court's personal jurisdiction, including citations to relevant legal authority, specific to each defendant. If seeking default judgment against any out-of-state defendants, this shall include a minimum contacts analysis under <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004)).*

   3.   Service of Process

*(Establish the adequacy of the service of process on the party against whom default is requested,*

*including relevant provisions of Federal Rule of Civil Procedure 4.)*

**B.    Legal Standard**

*(Include the following standard)*

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for the court to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where a default judgment is granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

**C.    Application to the Case at Bar**

*(A detailed analysis of each individual Eitel factor, separated by numbered headings. Factors 2 (merits of substantive claims) and 3 (sufficiency of complaint) may be listed and analyzed under one heading. Plaintiff(s) shall include citations to cases that are factually similar, preferably within the Ninth Circuit.)*

**D.    Relief Sought**

*(An analysis of any relief sought, including a calculation of damages, attorneys' fees, etc., with citations to relevant legal authority.)*

    1.    <u>Damages</u>

*(As damages alleged in the complaint are not accepted as true, the proposed findings must provide (a) legal authority establishing entitlement to such damages, and (b) citations to evidence*

*supporting the requested damages.)*

2. Attorney's Fees

*(If attorney's fees and costs are sought, the proposed findings shall include the following: (1) Evidence supporting the request for hours worked, including a detailed breakdown and identification of the subject matter of each person's time expenditures, accompanied by actual billing records and/or time sheets; (2) Documentation justifying the requested billing rates, such as a curriculum vitae or resume; (3) Evidence that the requested rates are in line with those prevailing in the community, including rate determinations in other cases of similarly complex litigation, particularly those setting a rate for the plaintiff's attorney; and (4) Evidence that the requested hours are reasonable, including citations to other cases of similarly complex litigation (preferably from this District).*

3. Costs

*(Any request for costs must include citations to evidence supporting the requested costs and relevant legal authority establishing entitlement to such costs.)*

**CONCLUSION**

*(Disposition, including any specific award amount(s) and judgment.)*

\* \* \*

4